WALDEN, Chief Judge.
The plaintiffs in a quiet title suit appeal from an adverse final decree. Plaintiffs claim the North Fork of the Sebastian River as the northern and eastern boundary of their property. They base their claim to the controverted land both upon an 1887 deed which conflicts with subsequently filed plats, and upon adverse possession of the land adjoining the river.
The unimproved lands involved are located in the 20,000 acre Fleming Grant in Brevard County. It was deeded by the State of Florida in 1886 to Herbert M. Linnell.
Linnell, in 1886 and 1887, conveyed tracts of 200 acres and 500 acres out of the Fleming Grant. The Corrigans’ land lies within the 200 acre tract while the defendants’ land lies within the 500 acre tract.
The 500 acre tract was deeded from Linnell by warranty deed on July 3, 1886, and by quit claim deed on August 25, 1887. The 200 acre tract was deeded by Linnell on September 29, 1886. The 200 acre tract was subdivided into ten lots, five of which were conveyed by warranty deed recorded September 14, 1887, in Deed Book I, page 202.
These deeds describe the boundary of the 200 acre tract as “* * * following the bank of the North fork to the point of where the North line intersects the River”' and the boundary of the 500 acre tract as; “Thence cross [ing] the North Fork and follow [ing] the meanderings of the Stream down to the point of beginning. * * *”■
Lot 1 of the 200 acre tract is now owned by the Corrigans. This lot forms the northeastern corner of the 200 acre tract and adjoins the southern boundary of the 500 acre tract. It is described at Deed Book I, page 202, as follows:
“Begin at Northwest corner of above survey run South on the west line of *424 Survey 10 chains to post (b. Ts. Pine S 16 W 46 links) Run East 18 chains to bank of River (post on bank b. Ts. Pine S 51 E 22 links and Pine N 36 W 34 links) thence follow meanderings of River to Northeast corner of above survey, Thence West 6 chains to point of beginning containing 208%oo acres more or Itess.” (Emphasis added).
The first sectionalizing of the interior of the Fleming Grant was done by S. B. Carter in 1889. Subsequently, in 1915, A. A. Berry made a plat of the lands involved in this controversy. The course of the river was not taken into consideration by Carter or by Berry. On each of their plats straight line lot boundaries are shown crossing the North Fork of the Sebastian River into the Corrigans’ land in several places. Defendants’ claims conflict with that of the Cor-rigans to the extent these plats cross the river.
It should be noted that the river had not been meandered at the time of the deeds from Herbert Linnell, nor was it meandered by Carter or Berry. The only witness who claimed to have meandered the the river was W. B. Heath, who testified that he based his map “on Plat Book 2, page 25 [the Berry Plat], not on the deeds.” Thus, in fact, Heath’s “meander” merely re-traced the Carter and Berry plats, neither of which ever purported to establish meander lines.
In his final decree, the chancellor held that plaintiff Corrigan was the owner of Lot 1, described in Deed Book I, page 202. But he determined that the actual boundary thereof was not the river. Rather, he established the boundary based upon the “meander” of surveyor Heath. The Carter and Berry plats were found controlling,[1] thus establishing the boundary between plaintiffs’ land and that of the defendants irrespective of the course of the river.
Additionally, plaintiffs’ claim of adverse possession was found to be not proven by a preponderance of the evidence.
We reverse.
In our view, the intention expressed in the deeds from Linnell in 1886 and 1887 was clear. Under these prior recorded deeds from a common grantor, the meanderings of the North Fork form the boundary between the 200 acre and 500 acre tracts.
The effect of the chancellor’s decision that the Carter and Berry plats controlled was to alter the boundary descriptions contained in the prior recorded deeds. Those deeds, portions of which have been quoted, clearly established the river as the boundary of plaintiffs’ land. We do not know, and defendant has not demonstrated, any rule of law by which subsequent private plats which invade and trespass upon property boundaries established by prior recorded deeds could divest the holders of such prior recorded deeds of their property.[2]
We hold that plaintiff Corrigan is the owner of the tract of land described in Deed Book I, page 202, and that the northern and eastern boundary of that'tract is the North Fork of the Sebastian River as therein described.
The record indicates that changes, both natural and artificial, have taken place in the course of the river in recent years. On remand, the chancellor shall determine the present course of the river in light of those changes.
We do not find it necessary to consider the chancellor’s finding on plaintiffs’ claim *425 of adverse possession since we reverse on other grounds.
Reversed and remanded with instructions.
CROSS, J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.

. “The plats under which the defendants * * * claim title by tlieir respective deeds have been a part of the public records of Brevard County, Florida, for more than 50 to 76 years and such plats as a matter of law are as much a part of said deeds as if such plats were actually copied in said deeds, and the court will not disturb the interior or exterior boundaries of said plats. * * * ”

. Cf., Kelsey v. Lake Childs Co., 1927, 93 Fla. 743, 112 So. 887; Gibson v. Wright, Fla.App.1965, 179 So.2d 245.